IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE J. HANCOCK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 18 C 7466 |
| | ) | |
| R. J. & R. TRUCKING & EXCAVATING, | ) | JUDGE JOHN F. KNESS |
| INC., an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, TERRENCE J. HANCOCK, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of a Settlement Agreement entered into by Defendant on February 25, 2020. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Teamsters Local 731 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the Excavating, Grading, Asphalt, Private Scavengers and Recyclers, Automobile Salesroom Garage Attendants, Linen and Laundry and Machinery, Scrap Iron, Steel and Metal Trade Chauffeurs, Handlers, Helpers and Alloy Fabricators Local Union No. 731, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment

of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.  On February 12, 2020, pursuant to Plaintiffs' counsel's oral motion, this Court dismissed this cause of action without prejudice and with leave to reinstate by August 21, 2020 (a copy of the Court's Notification of Docket Entry [Dkt. 29) dated February 12, 2020 is attached as Exhibit A.

3.  On February 25, 2020, a Settlement Agreement incorporating the terms for settlement agreed to by the parties was executed by Defendant (a copy of the Settlement Agreement is attached as Exhibit B).

4.  Defendant acknowledged that it owed the total amount of $36,414.55 for contributions, liquidate damages, interest and audit fees for the audit period of January 1, 2015 through December 31, 2017, as described in the Settlement Agreement.

5.  Plaintiffs agreed to reduce the liquidated damages and interest due from Defendant by one-half and agreed to accept $35,775.47, as described in Paragraph 2 of the Settlement Agreement, to fully resolve the instant litigation.

6.  Defendant agreed to make payment to Plaintiffs of the amount specified in Paragraph 5 above, being $35,775.47, by way of the payment schedule set forth below:

| Payment Due | Pension | Welfare | Scholarship | LMCC | TOTAL |
|---|---|---|---|---|---|
| March 1, 2020 | $3,087.08 | $2,507.67 | $125.38 | $242.45 | $5,962.58 |
| April 1, 2020 | $3,087.08 | $2,507.67 | $125.38 | $242.45 | $5,962.58 |
| May 1, 2020 | $3,087.08 | $2,507.67 | $125.38 | $242.45 | $5,962.58 |
| June 1, 2020 | $3,087.08 | $2,507.67 | $125.38 | $242.45 | $5.962.58 |
| July 1, 2020 | $3,087.08 | $2,507.67 | $125.38 | $242.45 | $5,962.58 |
| August 1, 2020 | $3,087.08 | $2,507.67 | $125.38 | $242.45 | $5,962.58 |
| **TOTAL:** | **$18,522.48** | **$15,046.02** | **$752.28** | **$1,454.70** | **$35,775.47** |

7. The Settlement Agreement further provides that the regular reports and contributions due thereon are an integral part of the agreement and it shall be the express obligation of the Defendant and an undertaking pursuant to the agreement that it make payment of these regular contributions and that it submit timely regular reports.

8. Any failure to submit timely reports or timely payment of contributions shall constitute a default under the terms of the Settlement Agreement. Upon such default, the Plaintiffs are entitled to return to Court to enforce the Settlement Agreement and request judgment be entered against Defendant for the balance due pursuant to the Settlement Agreement, as well as additional attorneys' fees and costs incurred by the Plaintiffs as a result of Defendant's default.

9. On July 20, 2020, Plaintiffs' counsel wrote to Defendant's counsel regarding the failure of the Default to abide by the terms of the Settlement Agreement (a copy of the July 20, 2020 letter from Plaintiffs' counsel to Defendant's counsel is attached hereto as Exhibit C).

10. Defendant has not submitted the fourth, fifth and sixth (final) installment payments due pursuant to the terms of the Settlement Agreement, said payments being due on June 1, 2020, July 1, 2020 and August 1, 2020, as described in Paragraph 6 above.

11. Due to the lack of response from Defendant's counsel to Plaintiffs' counsel's July 20, 2020 correspondence, Plaintiffs' counsel has not contacted Defendant's counsel regarding the instant

motion and assumes that the motion is opposed. Accordingly, Plaintiffs' counsel proposes to allow Defendant two (2) weeks to respond or object to the Plaintiffs' motion. If no response or objection is filed, Plaintiffs respectfully request judgment be entered against Defendant.

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $17,887.74, being the total amount remaining due for contributions, liquidated damages, interest, audit fees and attorneys' fees and costs for the audit period of January 1, 2015 through December 31, 2017.

B. That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $786.25 in attorneys' fees incurred by the Plaintiffs in pursuing Defendant's compliance with the terms of the Settlement Agreement and preparation of their Motion to Reopen.

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\731exc\RJ & R\#28326\motion to reopen case.cms.df.wpd

4

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that on or before the hour of 5:00 p.m. this 6th day of August 2020, she electronically filed the foregoing document (Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, which will send notification to the following CM/ECF participant:

            Mr. Robert A. Habib
            Law Office of Robert Habib
            77 W. Washington Street, Suite 1506
            Chicago, IL 60602-3220
            **robhabib77@gmail.com**

                                              /s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\731exc\RJ & R\#28326\motion to reopen case.cms.df.wpd